IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MADELINE BUCKLEY, an Individual, TERRENCE JAMES, an Individual, STACEY WESCOTT, an Individual, COLLEEN KUJAWA, an Individual, DEANESE WILLIAMS, an Individual, DARCEL ROCKETT, an Individual, and CHRISTY GUTOWSKI, an Individual, on behalf of themselves and all others similarly situated Plaintiffs,<br><br>v.<br><br>CHICAGO TRIBUNE, LLC, an Illinois corporation, ALDEN GLOBAL CAPITAL, a Delaware corporation, TRIBUNE PUBLISHING COMPANY, a Delaware Corporation, and DOES 1 through 100, Inclusive<br>      Defendants. | Case No. 1:24-cv-04027<br><br>Hon. Thomas M. Durkin |

**DEFENDANT ALDEN GLOBAL CAPITAL LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Alden Global Capital LLC ("Alden") respectfully submits the following Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Complaint.

**INTRODUCTION**

This case is not about Alden. In Plaintiffs' own words, the Chicago Tribune is their employer, not Alden. Each of the them was hired by the Tribune long before Alden purchased the company in 2021. And none of them can or does allege that Alden took a single affirmative step to harm them. Instead, Plaintiffs allege that Alden should pay them based on its hypothetical, attenuated "authority" to exert control over the entity that did employ Plaintiffs.

There is no legal basis for such a claim, and Plaintiffs know it. Before bringing the types of employment discrimination claims at issue in this Complaint, Plaintiffs must exhaust their

1

administrative remedies before the Equal Employment Opportunity Commission or the Illinois Department of Human Rights, respectively. Here, there is no allegation (nor could there be), that Plaintiffs brought any claims *against Alden* to either agency's attention. (*See* Cmplt. ¶ 22.) This alone warrants dismissal of Plaintiffs' discrimination claims.

There is a single factual paragraph in the Complaint about Alden (¶ 35). It says precious little of substance, and nowhere near enough to make Alden plausibly liable for any alleged conduct by the Tribune. It is not enough under any standard to say that general authority by virtue of a purchase plus some awareness of historic issues equals a claim. And it is certainly not enough to call Alden names like "ruthless" or to complain about "gutting staff"—*none* of whom are plaintiffs (because all of them are current employees). (*See* Cmplt. ¶ 1.)

This court can dismiss Alden from this case without looking at the allegations that fill out the remainder of the 51-page Complaint. Even so, to the extent the underlying claims against Tribune are dismissed, Alden is entitled to dismissal for that reason, too. Alden thus adopts each of the Tribune's arguments for dismissal here in addition to the arguments in this motion.

## BACKGROUND[1]

The Complaint alleges the Chicago Tribune underpays its women and African American journalists compared to male and white peers as a result of "centralized policies and practices." (Cmplt. ¶¶ 2, 9.) The Complaint details the Tribune's purported actions with respect to each of the named Plaintiffs, such as recruiting through diversity programs, hiring journalists from suburban newspapers, instituting "policies and practices" for deciding pay, and its performance of supervisory responsibilities over these employees. (*See, e.g.*, Cmplt. ¶¶ 50-52, 70, 85 101.)

---

[1] For purposes of this motion alone, Alden treats the Complaint's allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

Seven Plaintiffs bring this case. Each Plaintiff is "currently employed by the Chicago Tribune" (Cmplt. ¶¶ 55, 62), is "at the Chicago Tribune" (*id.* ¶ 66), "currently works at the Chicago Tribune" (*id.* ¶ 79), is "currently employed by the Tribune" (*id.* ¶ 87), is "employed by the Tribune" (*id.* ¶ 96), or "[t]he Tribune hired" them (*id.* ¶ 102). All of them are "employed by the Chicago Tribune" and have worked for the Tribune since long before Alden had anything to do with the Tribune. (Cmplt. ¶¶ 24 (James: 1998); 25 (Wescott: 1999); 26 (Kujawa: 2012); 27 (Williams: 2007); 28 (Rocket: 2008); 29 (Gutowski: 2010); 31 (Alden purchase date).)

As to Alden—which entered the scene in 2021—the Complaint says very little. In total, the Complaint says at most the following about Alden:

- "Alden, for its part, has earned a reputation for buying newspapers around the country and gutting staff to increase profits at the expense of quality journalism. The Washington Post called Alden 'one of the most ruthless of the corporate strip-miners seemingly intent on destroying local journalism.'" (Cmplt. ¶ 1.)

- "Current ownership will not even acknowledge that an impermissible pay disparity exists…" (*Id.* ¶ 17.)

- "Defendant Alden Global Capital, a Delaware corporation, is subject to personal jurisdiction conducting substantial and continuous commercial activities in Illinois. Alden Global Capital purchased Tribune Publishing in 2021." (*Id.* ¶ 31.)

- "Plaintiffs are informed and believe that Defendant Alden Global Capital is a joint employer of Plaintiffs and putative class. **[1]** Defendant Alden has the authority to set bonuses, raises, and compensation for the Chicago Tribune employees. **[2]** Defendant Alden is aware of the unlawful pay disparities, but failed to and continues to fail to develop compensation policies which rely on permissible criteria for wage disparities. **[3]** Plaintiffs are informed and believe that Defendant Alden was aware of the unlawful pay disparities when purchasing the Chicago Tribune and had and has the power to correct these inequities as Defendant Alden was ultimately in charge of the centralized group overseeing the Chicago Tribune operations and compensation decisions. **[4]** Instead, Defendant perpetuates a discriminatory environment that encourages the unlawful pay disparities based on Sex, race, and ethnicity that emerged among Defendants' employees. (*Id.* ¶ 35.) (numeration added)

The Complaint further generically alleges that Plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of

Human Rights ("IDHR") on May 14, 2024, before filing this suit two days later. (Cmplt. ¶ 22.) But the Complaint noticeably does *not* allege Alden was named as a respondent for either set of charges, was given a notice of the charges prior to the filing of the Complaint, or had an opportunity to participate in any related conciliatory proceeding.

## ARGUMENT

Courts do not readily "ignore[] the most fundamental characteristic of a corporate entity: its independence." *Baxter Healthcare Corp. v. O.R. Concepts, Inc.,* 69 F.3d 785, 788 (7th Cir. 1995). The Seventh Circuit repeatedly has held that, under Illinois law, this principle applies "even where one corporation wholly owns another." *Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec*, 529 F.3d 371, 380 (7th Cir. 2008); *Van Dorn Co. v. Future Chem. & Oil Corp.*, 753 F.2d 565, 569 (7th Cir. 1985). Thus, the mere fact that one company owns the stock of another is *not* a sufficient basis to disregard the separate corporate identity of a parent company and hold it liable for the acts of its subsidiary. *See Hornsby v. Hornsby's Stores, Inc.*, 734 F. Supp. 302, 307 (N.D. Ill. 1990). Plaintiffs must allege that the parent actually has done something to justify liability. The employment laws cited in Plaintiffs' complaint square with these background principles. *See*, *e.g.*, *Bright v. Roadway Servs*., Inc., 846 F. Supp. 693, 700 (N.D. Ill. 1994) (dismissing Title VII complaint for alleging defendant "owns and controls" and "ratified and affirmed" subsidiary's conduct without alleging "any act on the part of" parent).

Yet Plaintiffs ignore these fundamental legal principles, naming Alden as a defendant in their Complaint simply because it purchased the Chicago Tribune. But Alden is, as the Complaint admits, a distinct legal entity. Thus, to state a claim against Alden under any of the federal or state laws cited in their Complaint, Plaintiffs must: (1) exhaust their state and federal administrative remedies *with respect to Alden* for the Title VII and IHRA claims; and

4

(2) sufficiently allege that *Alden* is their "joint employer" by virtue of its control over Plaintiffs' working conditions for all of their claims. Because Plaintiffs fail on both fronts, Alden must be dismissed from the Complaint. And because the deficiencies in Plaintiffs' joint employment theory are incurable, dismissal should be with prejudice.

**I.  This Court Should Dismiss Plaintiffs' Title VII and IHRA Claims Against Alden Because Plaintiffs Failed to Exhaust Administrative Remedies Against Alden.**

Plaintiffs' claims under Title VII and the Illinois Human Rights Act ("IHRA") must be dismissed because they fail to allege the filing of an administrative charge *against Alden*. The failure to exhaust administrative remedies is not a nicety; it is a "requirement" before filing suit. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019).

State and federal law require proper exhaustion of administrative remedies. Under both Title VII and the IHRA, an administrative charge must be filed promptly after the wrongful act occurs. *See Dandy v. United Parcel Service, Inc.*, 388 F.3d 263, 270 (7th Cir. 2004); 42 U.S.C. § 2000e-5(e)(1); *see* 775 ILCS 5/7A-102(A)(1), (A-1). The filer then must wait until agency action is complete and they have received a right to sue letter. Where a plaintiff cross-files charges with EEOC and IDHR (as Plaintiffs allege they did here, Cmplt. ¶ 22), they must await action from both agencies. 775 ILCS 5/7A–102(D), (G)(2); 42 USC § 2000e–5(f)(1); *DeTata v. Rollprint Packaging Prod. Inc.*, 632 F.3d 962, 967-68 (7th Cir. 2011); *Donald v. City of Chicago*, 539 F. Supp. 3d 912, 920 (N.D. Ill. 2021) (describing exhaustion through cross-filing).

Plaintiffs do not allege the clock *even has begun to tick* against Alden: Plaintiffs do not allege Alden was named as a respondent in the cross-filed charges, that Alden received any notice of any charges cross-filed against it, or that Alden has had an opportunity to participate in conciliatory proceedings. This, too, is unsurprising, as Alden is not the Plaintiffs' employer, *see*

5

*infra* II.A. and II.B.  Plaintiffs' decision to forego the administrative process with respect to Alden only underscores that Alden is not the party responsible for their grievances.

Alden merely purchased the Tribune.  It thus cannot be lumped together with the Tribune for purposes of exhaustion.  *See*, *e.g.*, *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001) ("a parent organization not named in the plaintiff's EEOC charge must be dismissed" unless plaintiff shows "the parent had notice of the claim against it, as opposed to its subsidiary, and had an opportunity to conciliate on its own behalf"); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008).  Plaintiffs' failure to allege Alden was named in the charges requires dismissal of Plaintiffs' discrimination claims under Title VII (Counts II and III of the Complaint) and their discrimination claims under the IHRA (Counts IV and V of the Complaint) against Alden.

**II.     This Court Should Dismiss All Of Plaintiffs' Claims Against Alden Because the Complaint's Conclusory Allegations that Alden is a Joint Employer are Insufficient.**

Alden is not, and is not alleged to be, Plaintiffs' actual employer.  All of the state and federal employment statutes Plaintiffs cite—the state and federal Equal Pay Acts ("EPA"), Title VII, and the Illinois Human Rights Act ("IHRA")—establish a framework for liability for *employers*.  Plaintiffs can expand liability beyond their employer only by adequately alleging that a defendant acted as a "joint employer."  Here, Plaintiffs' Complaint lacks sufficient factual allegations that Alden in fact was a joint employer under either the FLSA framework applicable to both the state and federal EPA claims or the more exacting Title VII framework applicable to the Title VII and IHRA claims.  Because this fundamental defect renders Alden an improper party, it must be dismissed from the entirety of the Complaint.

**A.     Plaintiffs Fail to Establish Joint Employment Under the Rules Applicable to Federal and State Equal Pay Act Claims (Counts I, VI, and VII).**

Plaintiffs do not allege that Alden has exercised *any* control over their working conditions, hired or fired *any* Tribune employee, determined *anyone's* rate or method of

6

payment, or kept *any* employee records in-house. To the contrary, across 186 paragraphs that do not mention Alden, Plaintiffs confirm that the Tribune alone acted as Plaintiffs' employer. The EPA claims against Alden therefore cannot stand.

The federal and state Equal Pay Acts follow the same test for joint employment.² In the Seventh Circuit, "for a joint-employer relationship to exist, each alleged employer must exercise control over the working conditions of the employee." *Moldenhauer v. Tazewell-Pekin Consol. Commc'ns Ctr.*, 536 F.3d 640, 644 (7th Cir. 2008). Accordingly, although courts look to many factors, "depending on the specific facts of each case," to determine whether a joint employment relationship exists, *id.*, control is "the most important factor." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 929 (7th Cir. 2017); *Dyal v. PirTano Constr., Inc.*, No. 12 C 9687, 2018 WL 1508487, at *15 (N.D. Ill. Mar. 27, 2018) (Durkin, J.). Such other factors may include the power to hire and fire, determination of the rate and method of payment, and maintenance of employment records.³ *Roberts v. One Off Hosp. Grp., Ltd.*, No. 21 C 5868, 2022 WL 2463049, at *4 (N.D. Ill. July 6, 2022). Thus, where plaintiffs "cannot point to one instance" of the alleged joint employer "hiring" an employee, determining "working conditions," or deciding a worker's "compensation," the defendant is not a joint employer. *Moldenhauer*, 536 F.3d at 645.

---

² The federal Equal Pay Act is part of the Fair Labor Standards Act, at 29 USC § 206(d). The FLSA's framework for assessing joint employer status applies to claims brought under the federal Equal Pay Act. *See EEOC v. Elrod*, 674 F.2d 601, 612 (7th Cir. 1982). And claims under the Illinois Equal Pay Act, in turn, are evaluated "using the same standards" as its federal counterpart, *i.e.*, the FLSA. *Ahad v. Bd. of Trustees of S. Ill. Univ.*, No. 15-CV-03308, 2021 WL 6118239, at *3 (C.D. Ill. Dec. 27, 2021).

³ These multi-factor tests ultimately trace back to the "economic reality" concept articulated by the Supreme Court with respect to liability under the FLSA in *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961); *see also Hollins v. Regency Corp.*, 867 F.3d 830, 835 (7th Cir. 2017) (tracing the origin of the "economic reality" test).

1. Plaintiffs do not Allege any Facts Demonstrating that Alden Exercised any Control over Plaintiffs Day-to-Day Working Conditions

"To proceed under a joint-employer theory, [a plaintiff] need[s] to allege facts showing which companies or entities controlled her working conditions." *Roberts*, 2022 WL 2463049 at *4. To "permit" a court to "draw a reasonable inference that" a putative joint employer "controlled [plaintiff's] working conditions" sufficient to satisfy the joint employer test, the plaintiff "must allege that [the putative employer] specifically exercised control over [plaintiff's] working conditions; for instance, that [the putative employer] had the power to hire and/or fire her, that [the putative employer] supervised and/or controlled her work schedule and conditions of employment, that [the putative employer] determined how she was paid, *and* that [the putative employer] maintained employment records." *Id.* (emphasis added). Plaintiffs' allegation—that Alden has the hypothetical "authority" to set compensation (Cmplt. ¶35.)—is not enough.

Courts in this district routinely dismiss claims against putative joint employers in the FLSA context where, as here, the complaint lacks allegations of on-the-ground control over the employees themselves. In *Roberts*, for example, Judge Kendall dismissed claims against an owner-operator of "several Chicago-area restaurants" because the plaintiff failed to allege the owner "*specifically exercised* control over *her* working conditions." *Id.* at *1, 4; *Id.* at *5 ("For example, Roberts does not make any specific allegations that suggest One Off hired her specifically, that her paychecks came from One Off, or that One Off supervised her work."). The Court specifically held that generic and conclusory allegations that the owner "manages each of these restaurants, including staffing" were insufficient to state a claim. *Id.* at *4. Similarly, in *Boyce v. SSP Am. MDW, LLC*, No. 19 C 2157, 2019 WL 3554153, at *1, 4 (N.D. Ill. July 31, 2019), the Court held that a plaintiff must "allege enough detail about [the putative employer's] role or actions to establish that it controlled [plaintiff's] working conditions." Conclusory

8

labels—such as an allegation that the putative employer is the "parent organization" or "manages" the actual employer—"are not sufficient to establish that [the putative employer] [is] [plaintiff's] employer, because the Court ignores such 'formalistic labels or common law concepts of agency.'" *Id.* Instead, to survive dismissal, a plaintiff's allegations must show that the putative employer "hired him," "paid him," and "directly supervised his work." *Id.*

Similarly, Judge Tharp found that conclusory allegations that a defendant "had the power to control the terms and conditions of employment" or had "control and oversight over compensation" may show that a defendant "played some role in developing policies," but "fall short of showing that [the defendant] played any role in *applying and enforcing* such policies against [the plaintiff]." *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1129–31 (N.D. Ill. 2017). Dismissal is warranted unless a plaintiff specifically alleges that a defendant controlled the plaintiff's day-to-day work, by, for example, setting schedules, acting as a direct supervisor, and being the entity that issues payroll checks. Those "are the types of allegations that allow courts to draw reasonable inferences that an entity 'controls' working conditions." *Id.* at 1131. Here, Plaintiffs fail to assert Alden actually exercised *any control* over their day-to-day work, such as controlling assignments, schedules, performance reviews, supervision, or cutting checks. The conclusory allegation that Alden "is a joint employer of Plaintiffs" or has "authority" cannot fill this glaring gap in the Complaint.

This is particularly true because the Complaint is replete with allegations that the Tribune—and the Tribune *alone*—exercises control over Plaintiffs' day-to-day work. (*See*, *e.g.*, Cmplt. ¶ 58 ("Tribune moved Plaintiff Buckley to a dayside assignment as a general assignment reporter"); ¶ 80 ("The Tribune repeatedly chose Kujawa to serve as the dedicated copy editor for the investigative team on special investigative series, and to train new copy editors."); ¶ 89 (In

9

2009 … the Tribune offered [Williams-Harris'] a position covering breaking news and violent crime as an overnight reporter.").)[4]  In *Ivery*, Judge Tharp observed that where the plaintiff "fails to allege even the most basic facts concerning her employment … namely, who hired her, paid her, or directly supervised her work," such "deficiency *alone* is enough to sink her claim. 280 F. Supp. 3d at 1129 (citing several cases on point).

The Complaint here is *worse*. It tells us who allegedly hired, paid, and supervised Plaintiffs—and it is *not* Alden. This is an instance in which the plaintiffs have "pleaded [themselves] out of court" by pleading "particular[]" facts that "show that [they] ha[ve] no claim." *Thomas v. Farley,* 31 F.3d 557, 558–559 (7th. Cir. 1994).

> 2. Plaintiffs do not Allege any Facts Substantiating the Other Factors Relevant to the Joint Employment Analysis

Nor does the Complaint allege *any* facts that speak to the other joint employer factors. The Complaint does not allege, for example, that Alden has the power to hire and fire *anyone* at the Chicago Tribune—let alone the Plaintiffs. Again, to the contrary, the Complaint repeatedly indicates that the Tribune *alone* has the hiring power. (*See*, *e.g.*, Cmplt. ¶ 57 ("The Tribune hired Plaintiff Buckley…"); ¶ 76 ("The Tribune has given Wescott only a few small raises since her hire in 1999…"); ¶ 80 ("The Tribune hired Plaintiff Kujawa…"); ¶ 88 ("Williams-Harris was hired at the Tribune…"); ¶ 101 ("The Tribune hired Plaintiff Christy Gutowski…").

That leaves control over the method and rate of payment. Plaintiffs do not allege a single tangible instance in which Alden played a role in a compensation decision since it bought the

---

[4] The Court should disregard generic and non-specific references to "Defendants" in Plaintiffs' Complaint when considering the adequacy of the joint employer allegations. "[V]ague and undifferentiated allegations are not sufficient to establish a joint-employer relationship." *Boyce*, 2019 WL 3554153, at *4 (plaintiffs' allegations about "Defendants" conduct is insufficient because "[plaintiff] must allege facts showing which particular entity or entities controlled his working conditions in order to proceed under a joint-employer theory").

Tribune in 2021. The boilerplate allegation that Alden has the "authority to set bonuses, raises, and compensation" by virtue of its purchase (Cmplt. ¶ 35) is far too conclusory to be treated as true. *See Ivery*, 280 F. Supp. 3d at 1129 ("simply parrot[ing] factors" with "conclusory statements like: '[] Defendant had the power to control the terms and conditions of employment of Plaintiffs'" cannot prevent dismissal; "[t]hese sorts of conclusory allegations are not entitled to a presumption of truth."). Moreover, and again, Plaintiffs contradict this allegation by repeatedly indicating in the Complaint that Tribune *alone* makes pay decisions. (*See* Cmplt. ¶¶ 61, 62, 76, 85, 94, 101, 111) (detailing Plaintiffs' compensation history at the hands *of Tribune*). When joint employment is based on factors other than control, as here, courts typically require a robust showing that those factors, *as a whole*, support an inference of joint employment. *See*, *e.g.*, *Kim v. StoneX Grp. Inc.*, No. 22-CV-02392, 2022 WL 17082574, at *3 (N.D. Ill. Nov. 18, 2022) (allegations sufficient where putative joint employer determined rate and method of pay and "not only … had the power to fire him, *but did in fact do so*") (emphasis added). Although the facts of each case are different, "for a joint-employer relationship to exist, each employer must *exercise* control over the working conditions of the employee." *Guon v. John Q. Cook, M.D. LLC*, No. 16 C 3840, 2016 WL 6524948, at *2 (N.D. Ill. Nov. 3, 2016) (Durkin, J.) (emphasis added).

Plaintiffs' bare allegations of Alden's purported "authority" are insufficient, and Alden should be dismissed from the state and federal Equal Pay Act claims at Counts I, VI, and VII.

    **B. Plaintiffs Fail to Establish Joint Employment Under the Rules Applicable to Title VII and Illinois Human Rights Act Claims (Counts II, III, IV, and V).**

Plaintiffs' claims against Alden under Title VII and the IHRA fail for the same reason. The "employer's right to control is the 'most important' consideration" for Title VII and IHRA

claims, and both follow the same test.[5] *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 702 (7th Cir. 2015); *Mitchell v. Dep't of Corr.*, 367 Ill. App. 3d 807, 811 (2006).[6] For the same reasons this Court should dismiss the EPA claims, it also should dismiss the discrimination claims.

1. Plaintiffs do not Allege any Facts Demonstrating that Alden Exercised Control over Plaintiffs Day-to-Day Working Conditions.

"Examination of the putative employer's authority over the plaintiff and her work takes into account not only control over the result of the work but the details by which it is achieved." *Bronson v. Ann & Robert H. Lurie Children's Hosp. of Chicago*, 69 F.4th 437, 449 (7th Cir. 2023). Thus, to survive dismissal under Title VII, a plaintiff must allege sufficient factual detail to show that the putative employer "exercised… meaningful control or supervision" over the plaintiff's actual work. *Id.* Control over the work environment writ large is insufficient.

In *Bronson*, the Seventh Circuit rejected a teacher's claim that she was jointly employed by the hospital where she was assigned to teach. 69 F.4th at 449. Although the hospital allegedly provided an ID badge, pager, and email, and imposed various policies and procedures, the plaintiff's job "was that of teacher," the complaint did not allege that the hospital "exercised any meaningful control or supervision over her teaching activities," and the hospital therefore was not an employer because it lacked "any authority *with respect to her work as a teacher*." *Id.* at 449 (emphasis added). *See also Ashley v. Morrison Mgmt. Specialists Inc.*, No. 22 C 5606, 2023 WL 5211605, at *1-3 (N.D. Ill. Aug. 11, 2023) (cafeteria cashier's allegations of joint employment insufficient because allegations of a "right to control" were insufficient); *Mitchell*,

---

[5] *See Frey v. Coleman*, 903 F.3d 671, 679–81 (7th Cir. 2018); *Carter Coal Co. v. Hum. Rts. Comm'n*, 261 Ill. App. 3d 1 (1994).

[6] As with the FLSA, the operational test for joint employment under Title VII traces back to the "economic realities" inquiry. *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 702 (7th Cir. 2015).

367 Ill. App. 3d at 814 (defendant did not control "manner in which" dentist performed dentistry). There are no allegations here that Alden controlled or supervised anyone's work.

Moreover, the alleged control also must be "substantial." *Shah v. Littelfuse Inc.*, No. 12 CV 6845, 2013 WL 1828926, at *4 (N.D. Ill. Apr. 29, 2013). "[A]dministrative involvement in [plaintiff's] employment" does not "establish substantial control." *Id*. (granting dismissal). As Judge Kendall put it in *Shah*, where "[t]he Complaint is devoid of any facts alleging [the putative employer] controlled [plaintiff's] work conditions, assignments, evaluations, or performance," "[a] joint employer relationship does not lie under such circumstances." *Id*. at *3; *see also Wilcox v. Allstate Corp.*, No. 11 C 814, 2012 WL 6569729, at *11–12 (N.D. Ill. Dec. 17, 2012) (no joint employer relationship where defendant did not supervise plaintiff, direct or control plaintiff's assignments, provide plaintiff feedback, or process plaintiff's requests for time off); *Clifford v. Patterson Companies, Inc.*, No. 08 C 828, 2009 WL 3852447, at *9–10 (N.D. Ill. Nov. 18, 2009) (parent company not plaintiff's joint employer because it did not "exercise[ ] any control over [plaintiff's] daily activities or workload," despite the fact that the parent company issued the plaintiff's paychecks, awarded him company stock, referred to him as an employee in the stock agreement, invited him to participate in a company plan, and advised him of confidentiality obligations). One of the "key powers" showing substantial control is hiring and firing. *Jensen v. IFCO, Inc.*, No. 13 C 7098, 2015 WL 5882960, at *3 (N.D. Ill. Oct. 6, 2015); *Clifton v. Bd. Of Educ. Of City of Chicago*, No. 23-CV-1680, 2024 WL 1254282, at *4 (N.D. Ill. Mar. 25, 2024) ("The right to control depends significantly upon the ability to hire and fire."). None of those factors is present here.

As discussed above, Plaintiffs fail to make a *single* allegation that Alden has the authority to exercise—let alone actually exercised—substantial control over their day-to-day work. They

13

allege only that the Tribune exercised such control. (Cmplt. ¶¶ 55-112.) That is insufficient for Plaintiffs' claims against *Alden* to survive dismissal. *Clifton*, 2024 WL 1254282, at *5.

    2. Plaintiffs do not Allege any Facts Substantiating the Other Factors Relevant to the Joint Employment Analysis

Plaintiffs' Complaint similarly falls short on the other factors considered: (1) the type of occupation and skills required, including whether the putative employer trained the employee, (2) the putative employer's responsibility for the costs of the operation, such as "equipment, supplies, fees, licenses, workplace, and maintenance of operations;" (3) the provision of payment and benefits; and (4) the employee's commitment and/or the expectations of the parties. *Love*, 779 F.3d at 702-04 (citing *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 378 (7th Cir. 1991)). There is no allegation that Plaintiffs "obtained training from" Alden, *id.* at 704, that Alden "furnish[ed] all labor, materials, equipment, and services necessary" for Plaintiffs' work, *id*, that Alden cut "paychecks and W–2s" to Plaintiffs or provided "any other benefits of employment, such as insurance or vacation time," *id*. at 704-05, or that either Alden or the Plaintiffs "expected" an "employer-employee relationship," *id*. at 705. In short, the Complaint implicates *none* of these factors with respect to Alden.

The sole allegations Plaintiffs make regarding Alden pertain to Alden's alleged "authority" to set pay by virtue of its control over a "centralized group" that makes pay decisions. (Cmplt. ¶ 35). This type of attenuated-control allegation has also been flatly rejected in a Title VII case in this district. *Claussen v. Muchowski*, No. 21 CV 05316, 2022 WL 4465931, at *2 (N.D. Ill. Sept. 26, 2022) (granting dismissal where plaintiff failed to show parent company exercised control over *plaintiff*); *see also Ashley*, 2023 WL 5211605, at *3 (same).

As noted repeatedly, there are no allegations here of Alden's exercise of any control. Accordingly, Alden should be dismissed from Counts II, III, IV, and V.

14

### III. This Court Should Further Dismiss the EPA Claims and Strike Class Allegations for the Reasons Set Forth in Chicago Tribune and Tribune Publishing's Motion

Alden incorporates three additional arguments raised by the Chicago Tribune and Tribune Publishing in their Motion to Dismiss and Motion to Strike. First, Plaintiffs' claims under the state and federal Equal Pay Acts should be dismissed for failure to identify comparable employees outside of each Plaintiffs' respective protected class, as required to state a *prima facie* case of pay discrimination under both EPAs. Second, Plaintiffs' classwide claims under Title VII and the IHRA should be dismissed because the filed administrative charges only identify *individual* claims, which is insufficient to exhaust administrative remedies for *class* claims. And third, Plaintiffs' proposed "photographer" subclass and "Covered Editor" subclass should both be stricken because the former fails to satisfy the numerosity requirement of Fed. R. Civ. P. 23, and the latter seeks to aggregate positions without adequately alleging their similarities.

### IV. This Court Should Dismiss All Claims Against Alden With Prejudice.

The Seventh Circuit has held that "where it is clear that the defect cannot be corrected so that amendment is futile, it might do no harm to deny leave to amend and enter an immediate final judgment." *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 520 (7th Cir. 2015). Amendment is futile if the added allegations "would not survive a motion to dismiss." *Kuhn v. United Airlines, Inc.*, 640 F. App'x 534, 537 (7th Cir. 2016).

The allegations in the Complaint—both those lacking against Alden *and* those showing the Tribune does all of the things that employers do—make clear that there are no facts that could be alleged to survive dismissal. Accordingly, dismissal should be with prejudice.

### CONCLUSION

For the reasons discussed above, this Court should dismiss all claims against Alden with prejudice.

Dated: August 12, 2024                    Respectfully Submitted,

/s/*David A. Gordon*

David A. Gordon (6256017)
H. Javier Kordi (6337712)
Robert Johnson III (6345768)
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
+1 (312) 853-7159
dgordon@sidley.com
jkordi@sidley.com
robert.johnson@sidley.com

Aimee G. Mackay
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
+1 (212) 839-5469
aimee.mackay@sidley.com

*Attorneys for Defendant Alden Global Capital LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on August 12, 2024, the foregoing *Defendant Alden Global Capital LLC's Memorandum of Law in Support of Motion to Dismiss Plaintiffs' Complaint* was filed electronically using the ECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.

s/ *David A. Gordon*

David A. Gordon
One of the Attorneys for Defendant
Alden Global Capital LLC